IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BREANNA GODINES<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | Civil Action No. 2:23-CV-0215-JRG-RSP |
| | § | |
| SHELBY LOGISTICS, INC., et al.<br>*Defendant.* | §<br>§<br>§ | |

## MEMORANDUM ORDER

Before the Court defendants Shelby Logistics, Inc. and Michael Lamont Johnson move to transfer this action to the Texarkana Division of this Court. Dkt. No. 7.

In this personal injury case, plaintiff alleges that on June 30, 2021 she was struck from behind by Defendants' tractor-trailer while she was stopped waiting to turn left into the driveway of her home in Titus County, Texas.

Defendant seeks transfer pursuant to 28 USC § 1404(a) claiming that the suit was filed in the wrong division, and that suit should have been brought in the Texarkana Division.

"Prior to its repeal in 1988, the divisional venue statute, 28 U.S.C. § 1393, had limited plaintiffs in multi-divisional districts to filing suit in the division where the defendant resided." *In re Gibson*, 423 F. App'x 385, 388 (5th Cir. 2011). However, §1393 was repealed, and "plaintiffs [are] free to file suit in any division in a district," *id.*, pursuant to 28 USC § 1391(b)(2), which requires suit to "be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Notably missing from the general venue statute is a limitation as to which division of a district suit must be filed. Accordingly, venue is not improper.

1

Defendants also cite 28 USC § 1404(a), which allows transfer even if venue is proper where the case was filed, if the movants can show that another venue is "clearly more convenient." However, Defendants provide no justification as to why the Court should exercise such "discretion." 28 USC § 1404(b).  Defendants identify no witnesses for whom Texarkana would be more convenient.  Defendants themselves admittedly reside out of state.  Plaintiffs, on the other hand, have offered evidence that Marshall is a more convenient venue for key witnesses, including the investigating state trooper and the Plaintiff's treating physician.

Accordingly, the motion to transfer, Dkt. No. 7, is **DENIED**.

**SIGNED this 23rd day of August, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE